UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-21391-SCOLA/GOODMAN

ZENILDA HIERREZUELO,

      Plaintiff,

v.

LC HEALTH MANAGEMENT LLC,

      Defendant.

_____/

**ORDER ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO
AMEND THE FIRST AMENDED COMPLAINT *AND* REPORT AND
RECOMMENDATIONS RECOMMENDING THAT THE COURT DECLINE
TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

      Plaintiff seeks to file a second amended complaint in order to eliminate Count III,

the sole remaining count alleging a federal cause of action. [ECF No. 22]. Defendant[1]

opposes the motion for leave to the extent that it would result in this action being

remanded to state court. [ECF No. 31]. Plaintiff filed a reply [ECF No. 35] and this matter

is now ripe for adjudication.

---

[1]      The initial complaint named LC Health Management LLC and Luis Peñate as defendants. [ECF No. 1]. However, on May 18, 2022, Plaintiff filed a First Amended Complaint, which omitted any reference to Mr. Peñate. [ECF No. 6]. In this Order, the Undersigned will use the term "Defendant" (singular), even though there were two defendants at the beginning of this action.

United States District Judge Robert N. Scola, Jr. referred the instant motion to the Undersigned, "consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 28].[2] Because, as discussed below, Plaintiff has met the good cause standard, the Undersigned **grants** Plaintiff's motion.

Additionally, the Undersigned **respectfully recommends** that Judge Scola **decline to exercise supplemental jurisdiction** over Plaintiff's remaining state law claims and **remand** this action to the state court.

## I.      BACKGROUND

On February 20, 2022, Plaintiff filed a lawsuit against her former employer in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida. [ECF No. 1-1]. Plaintiff's initial Complaint alleged four causes of action: (1) Disability Discrimination in violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 *et seq.* (Count I); (2) Retaliation as a Result of Plaintiff's Protected Class in violation of the FCRA (Count II); (3) Associational Disability Discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*; and (4)

---

[2]      The referral was expressly made "consistent with" Local Magistrate Judge Rule 1(c) (which is for "determination of Non-dispositive Pretrial Matters") and 28 U.S.C. § 636(b)(1)(A), which calls for an Order on non-dispositive matters. Because in the Undersigned's view, a remand is appropriate in this case, this Order will *also* include a Report and Recommendations.

Interference with Rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29

U.S.C. § 2601 *et seq*. *Id.*

Pursuant to 28 U.S.C. § 1441, Defendant removed this action to the United States

District Court for the Southern District of Florida on May 4, 2022. [ECF No. 1].

Defendant's notice of removal invoked the Court's federal question jurisdiction, 28 U.S.C.

§ 1331. *Id.* at ¶ 3.

Plaintiff filed her First Amended Complaint ("FAC") on May 18, 2022. [ECF No.

6].[3] The FAC omitted the FMLA claim (Count IV). *Id.* It continued to assert the remaining

three claims: (1) Disability Discrimination in violation of the FCRA (Count I); (2)

Retaliation as a Result of Plaintiff's Protected Class in violation of the FCRA (Count II);

and (3) Associational Disability Discrimination in violation of the ADA (Count III). *Id.* On

June 2, 2022, Defendant filed its answer and affirmative defenses. [ECF No. 11].

On September 10, 2022, Plaintiff filed her initial motion for leave to amend the

FAC, seeking to eliminate the federal ADA claim (Count III) and "move forward with

Count I: Discrimination in Violation of the [FCRA] and Count II: Retaliation in Violation

of the [FCRA]." [ECF No. 20, p. 2].

---

[3]      Plaintiff was entitled to amend the Complaint as a matter of right pursuant to Fed.
R. Civ. P. 15(a)(1)(B).

On September 12, 2022, Judge Scola denied Plaintiff's motion without prejudice because Plaintiff failed to include "a proper pre-filing-conference certification," as required by S.D. Fla. L.R. 7.1(a)(3). [ECF No. 21].

The next day, Plaintiff filed the instant motion, again seeking to eliminate Count III and proceed with Counts I and II. [ECF No. 22]. On the same day, Defendant moved for final summary judgment. [ECF No. 23].

In response, Judge Scola issued an Order holding in abeyance the deadline for Plaintiff to respond to the summary judgment motion "[i]n light of . . . Plaintiff's pending motion to file a second amended complaint[.]" [ECF No. 26].

Plaintiff's motion for leave [ECF No. 22] is now ripe. Defendant opposes the motion, but only to the extent it would result in a remand to state court. [ECF No. 31, p. 4 ("Defendant opposes Plaintiff's motion to the extent it will result in a remand of this case but does not oppose Plaintiff's motion should this case remain in federal court.")].

## II.   ANALYSIS

### a.   Leave to Amend the FAC

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The limited discretion given to trial court judges in granting motions for leave to amend weighs in favor of *granting* said motions such that "[u]nless there is a substantial

reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Epsey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,] the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"**However**, where a party's motion to amend is filed *after* the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Sanchez v. H & R Maint., L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013) (emphasis added) (quoting *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007)); *see* Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order may be modified "only for good cause and with the judge's consent").

Therefore, "when granting leave would require modifying a Rule 16 scheduling order, the movant must first show 'good cause.'" *Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005) (citing and quoting in a parenthetical *Sosa v. Airpint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [courts] considered only Rule 15(a) without regard to Rule 16(b), [courts] would render scheduling orders meaningless and

effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")).

Here, Plaintiff seeks leave to amend her FAC in order to *eliminate* Count III. However, the timeframe for amending pleadings expired on June 21, 2022, approximately 11 weeks before Plaintiff filed her initial motion for leave. [ECF Nos. 10; 20].

Thus, before considering whether the "justice so requires" portion of Rule 15(a)(2) means that this Court should give Plaintiff leave to file a second amended complaint, the Undersigned must first determine whether Plaintiff has established good cause for amending her pleading *after* the Court's deadline to amend pleadings has expired.

"To show good cause under Rule 16(b), a party must establish that, despite its diligence, the deadline could not be met." *Wolf v. Celebrity Cruises, Inc.* 304 F.R.D. 698, 699 (S.D. Fla. 2015). To determine whether a party has acted with diligence, a court may consider "whether (1) the [movant] failed to ascertain facts prior to filing the [answer] and to acquire information during the discovery period; (2) the information supporting the proposed amendment was available to the [movant]; and (3) even after acquiring information, the [movant] delayed in asking for amendment." *Id*.

Here, Plaintiff states that she learned during the depositions of "Defendant's agents" in mid and late August 2022, that:

> they had made the decision to terminate . . . Plaintiff prior to . . . Plaintiff's absence on September 7, 2021, that was prompted by Plaintiff's daughter suffering from asthma. Specifically, **the decision to terminate Plaintiff's employment was formulated prior to Defendant's agents being noticed**

> **with Plaintiff's daughter's disability**, which constitutes the basis of
> Plaintiff's Associational Disability Discrimination Claim.

[ECF No. 22, p. 2 (emphasis added)]. For this reason, Plaintiff now seeks to amend the

FAC to drop the federal ADA claim.

Plaintiff adds that allowing her to eliminate Count III "would expedite

proceedings as there are less triable issues to be litigated moving forward" and will

"conserve judicial resources." *Id.* at 4-5.

Defendant opposes the relief requested and suggest that Plaintiff is engaging in

"forum manipulation." [ECF No. 31, ¶ 1]. It argues that Plaintiff could have learned this

information sooner:

> Plaintiff could have . . . gleaned the reasons for her termination through the
> text messages she exchanged with Defendant's human resources director.
> Plaintiff could have discovered the serious flaws in her case before the
> deadline to amend Plaintiff's complaint either in litigation or through the
> EEOC's investigation of her charge of discrimination.

*Id.* at 31, p. 2.

Defendant does not, however, attach copies of these text messages or the relevant

documents from the EEOC investigation. And Plaintiff disputes that she learned of this

information before the depositions of Defendants' agents. [ECF No. 35, ¶ 21 ("Plaintiff

was presented at no point prior to the depositions of [Defendant's agents], which

transpired in later August as to any such documents that allegedly demonstrated that the

decision had been made to terminate Plaintiff before her daughter's September 2021

hospital visit." (internal quotation marks omitted))].

If Defendant wanted the Court to consider these materials, then it should have attached them as exhibits or, if applicable, provided docket entry citations to the record where they could easily be found. *See Fed. Trade Comm'n v. Direct Benefits Grp., LLC*, No. 611CV1186ORL28GJK, 2011 WL 13299542, at *3 (M.D. Fla. Sept. 27, 2011) ("[I]t is not the Court's duty to waste its limited resources searching through thousands of pages of documents for something that should easily be supplied by the parties."); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[J]udges 'are not like pigs, hunting for truffles buried in briefs.'" (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Defendant similarly states, in a footnote, that "Plaintiff [sic][4] provided documents in response to Plaintiff's written discovery requests on August 11, 2022. Those documents demonstrated that the decision had been made to terminate Plaintiff before her daughter's September 2021 hospital visit." [ECF No. 31, p. 2 n.1 (footnote added)]. But again, those documents were not attached to Defendant's response and Defendant does not cite to any portion of the record where the Court can view those documents.

Moreover, even taking Defendant's representation at face value, the documents were produced to Plaintiff after the June 21, 2022 deadline to amend the pleadings had

---

[4]     The Undersigned assumes Defendant means that *Defendant* (not Plaintiff) provided Plaintiff with documents.

passed and only four days before the August 15, 2022 deposition. Therefore, Defendant's footnote is unpersuasive.

The Undersigned finds that Plaintiff has shown good cause for granting her motion for leave. Plaintiff contends that she did not learn until the mid and late-August 2022 depositions of Defendant's agents that Defendant had made the decision to fire her before September 7, 2021. Defendant has not presented any record evidence to refute Plaintiff's representation of when she learned this new information. Plaintiff filed her first motion for leave to amend the FAC shortly thereafter, on September 10, 2022. [ECF No. 20].

Based on this record, the Undersigned concludes that Plaintiff has established good cause for granting her request for leave to file her Second Amended Complaint (in order to *drop* a count from the FAC).

**b. Remand to State Court**

As the parties note in their briefs, if Plaintiff is permitted to amend her pleading, then there exists a real possibility that the case may be remanded to state court.

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Title 28, United States Code, Section 1367(c) states as follows:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3) the district court has dismissed all claims over which it has original jurisdiction**, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

Thus, pursuant to "[section] 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *United States ex rel. Settles v. Universal Health Servs., Inc.*, No. 3:16-CV-1-J-32JRK, 2016 WL 5791258, at *4 (M.D. Fla. Oct. 4, 2016); *see also Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the plaintiff]'s remaining claim should be remanded to state court.").

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court" and the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999); *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

In exercising its discretion, the Court must weigh considerations of "judicial economy, convenience, fairness to the parties," and comity. *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966)).

The Undersigned notes that while the parties have completed discovery, it has been less than five months since this case was removed to federal court and trial in this matter is not set to begin until the two-week trial period beginning on January 17, 2023. No substantive rulings have been made by the Court and Defendant's summary judgment motion will not be fully briefed until the Court rules on the instant motion.

Thus, the procedural posture of the case supports a remand. *See, e.g., Wilson v. Stewart*, No. CV 18-00461-B, 2021 WL 4268050, at *2 (S.D. Ala. Sept. 20, 2021) (retaining supplemental jurisdiction over state law claims where, *inter alia*, "(1) [the] case ha[d] been pending for almost three years; (2) the parties [were] on the eve of trial; (3) [the] [c]ourt has already expended tremendous judicial resources ruling on substantive motions related to [the] [p]laintiff's federal and state law claims against the movants; [and] (4) a dismissal of [the] [p]laintiff's state law claims against the movants . . . would likely prolong unnecessarily [the] [p]laintiff's litigation of her claims against the movants and potentially consume even greater resources by the parties and the courts, since some issues, such as the use of expert witnesses, would likely be re-litigated in a second forum

and certain evidence and witness testimony would likely be unnecessarily duplicated in a second forum").

Comity also weighs in favor of dismissal because adjudicating Plaintiff's remaining state law claims will require the application of Florida statutory law. *See Bermudez v. Rivera Servs. Grp. Inc.*, No. 21-CV-23366, 2022 WL 409588, at *2 (S.D. Fla. Feb. 10, 2022) ("[T]he interests of comity weigh heavily in favor of declining jurisdiction because the only claim that remains arises under state law, which is best suited for determination by a Florida court.").

Finally, remand will not result in unfairness to either party. Plaintiff does not oppose the remand. [ECF No. 22, p. 6 n.3 ("Plaintiff's Counsel . . . would not object to this Court's *sua sponte* remand.")]. And, both parties will be able to pursue their claims and defenses in state court.

Therefore, the Undersigned **respectfully recommends** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and **remand** this case to state court, once Plaintiff has filed her Second Amended Complaint.

## III.   CONCLUSION

For the reasons discussed above, the Undersigned **grants** Plaintiff's motion [ECF No. 22] for leave to file a second amended complaint, omitting Count III. By no later than Thursday, October 6, 2022, Plaintiff will file her Second Amended Complaint consistent with the draft version attached to her motion [ECF No. 22-1].

Additionally, the Undersigned **respectfully recommends** that, once Plaintiff amends her pleading, the Court decline to exercise supplemental jurisdiction over the remaining state law claims and **remand** the case to state court.

## IV.    OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file any written objections **to the portion of this ruling recommending a remand**, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    **RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on September 29, 2022.

                                                                    Jonathan Goodman
                                                                    UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable Robert N. Scola, Jr.
All counsel of record

13