United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Zenilda Hierrezuelo, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21391-Civ-Scola |
| | ) |
| LC Health Management LLC, Defendant. | ) |

### Order Adopting Report and Recommendation of Magistrate Judge

This matter is before the Court upon the objections of Defendant LC Health Management LLC to Magistrate Judge Goodman's recommendation that this matter be remanded to state court. Judge Goodman handed down this recommendation along with an order authorizing the Plaintiff to file a second amended complaint that would only assert state law claims. (ECF No. 40.)

The Plaintiff has since filed that second amended complaint, thus leaving no federal claims before this Court. (*See* ECF No. 43.) It further appears that both Plaintiff and Defendant are domiciled in Florida such that no diversity of citizenship exists under 28 U.S.C. § 1332. (*See id.* at ¶¶ 2-4.)

Objections to a Magistrate Judge's recommendation on a dispositive pretrial matter are subject to de novo review by a District Court Judge. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). Although it has not been settled whether a recommendation for remand qualifies as a dispositive pretrial matter, the Court has undertaken a de novo review of the Defendant's objections. *See, e.g.*, 32 Am. Jur. 2d Federal Courts § 132.

"The decision of whether to retain supplemental jurisdiction following a post-removal amendment must balance the traditional 28 U.S.C. § 1367(c) analysis and the need to guard against forum shopping. Looking first to section 1367(c), courts may decline supplemental jurisdiction over state-law claims if: (1) those claims raise a novel or complex issue of State law; (2) those claims substantially predominate over any federal claims; (3) the court dismissed all federal claims; or (4) in exceptional circumstances, there are other compelling reasons[.] Moreover, courts also take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Pate v. City of Opa-Locka*, 2022 WL 2255702, at *2 (S.D. Fla. June 23, 2022) (Scola, J.) (cleaned up).

The Defendant's first objection accuses Judge Goodman of failing to consider the Plaintiff's "forum manipulation" in recommending remand. Looking past the fact that the Plaintiff originally filed her suit in state court, the Defendant baldly states that, because her original complaint asserted federal

claims, "[i]n a sense Plaintiff chose a federal forum at the outset." (Obj. ¶ 4, ECF No. 42.) The Defendant is clearly misguided. Judge Goodman squarely addressed the Defendant's allegations of forum manipulation in his Order and explained why the timing behind the Plaintiff's request appears reasonable and not manipulative. (ECF No. 40 at 7-9.) The Court will not repeat the reasoning Judge Goodman provided, which the Court agrees with and adopts herein.

Next, the Defendant takes issue with Judge Goodman's finding that comity weighs in favor of remand because the Plaintiff's remaining state law claims require the application of Florida law. The Defendant says that this is not the case because the Plaintiff's remaining claims arise under the Florida Civil Rights Act (FCRA), and it is well-established that the FCRA tracks federal Title VII case law. (Obj. ¶ 6.) This argument is tautological at best. By its very name, it is clear that the *Florida* Civil Rights Act is a creature of *Florida* law. Even if the FCRA's case law tracks that of Title VII's, it does so in the manner pronounced by *Florida* courts. This argument is simply meritless. The Court agrees with Judge Goodman that comity weighs in favor of remand in this respect because, "[i]n general, state courts, not federal courts, should be the final arbiters of state law." *Pate*, 2022 WL 2255702, at *2.

Last, the Defendant says that Judge Goodman's finding that remand would not pose a risk of unfairness to either party is wrong because remand "would reopen discovery" and is therefore unfair to the Defendant. (Obj. ¶ 7.) It raises this same objection with respect to Judge Goodman's finding that the case's procedural posture favors remand. (Obj. ¶ 5.) The Court will not instruct the Defendant on how to litigate its case but limits itself to recognizing that, through the Florida Rules of Civil Procedure, the Defendant's representation is not the inevitable outcome of remand.

Having conducted a de novo review of the matters objected to by the Defendant, the Court **overrules** the Defendant's objections (**ECF No. 42**), **adopts** Judge Goodman's recommendation (**ECF No. 40**), and **remands** this matter back to the Eleventh Judicial Circuit Court of Florida pursuant to 28 U.S.C. § 1367(c). The Clerk shall effectuate remand and **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers, at Miami, Florida, on November 9, 2022.

Robert N. Scola, Jr.
United States District Judge